IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. BANK NAT'L ASS'N, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-0618-P-BK |
| § | |
| LYNN WOODHAM AND ALL § | |
| OCCUPANTS OF 3426 WINDRIDGE DRIVE § | |
| GARLAND, TEXAS 75043, § | |
|     Defendants. § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. Now before the Court is Plaintiff's *Motion to Remand*. (Doc. 11). It is recommended that the motion be **GRANTED**.

*Pro se* Defendant Lynn Woodham is the former owner of real property purchased by Plaintiff in a non-judicial foreclosure sale. (Doc. 10-1 at 14, 22). *Id.* On June 11, 2012, Plaintiff's petition for forcible detainer was granted against Defendant Woodham "and/or all occupants" of the property by the Justice Court, Precinct 2, Dallas County, Texas; the court also declared that Plaintiff is entitled to possession of the property. *Id.* at 14. Defendant appealed to County Court at Law No. 2, Dallas, Texas, which, on February 1, 2013, granted summary judgment in Plaintiff's favor and affirmed Plaintiff's right to possession of the premises. (Doc. 10-4; Doc. 10-6).

On February 6, 2013, Defendant Woodham filed his Notice of Removal, contending this Court has federal question jurisdiction. (Doc. 10-7 at 2). In its Motion to Remand, Plaintiff argues the Notice of Removal is untimely and fails to establish that this Court has subject matter jurisdiction. (Doc. 11). Defendant counters that, *inter alia*, the county court lacked jurisdiction

to hear Plaintiff's case and the county court judgment is void for failure to provide Plaintiff due process. (Doc. 12 at 2-3).

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the notice of removal must be filed within 30 days after receipt of a copy of the state court petition or service of the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). The 30-day time limit for removal begins to run from service of the justice of the peace suit for forcible detainer cases. *See Wells Fargo Bank, N.A. v. Smith*, 3:11-CV-310-K, 2011 WL 1135126, at *2 (N.D. Tex. Mar. 28, 2011) (Kinkeade, J.) (holding a county court appeal of a forcible detainer suit is a continuation of the original suit brought in the justice of the peace court).

Here, the Notice of Removal was clearly untimely. The June 11, 2012, judgment of the justice court recites that Defendant and the other occupants of the property were "duly served with process and did answer to deny Plaintiff's claim." (Doc. 10-1 at 14). Thus, counting from the date of the justice court's judgment, Defendant's notice of removal was filed in this Court at least 240 days subsequent to his receipt of the justice court petition or service of the summons. Accordingly, this case should be remanded to state court.[1]

---

[1] Because remand is required based on the untimeliness of Defendant's Notice of Removal, it is not necessary to consider Plaintiff's remaining arguments in support of remand.

In light of the foregoing, it is recommended that Plaintiff's *Motion to Remand* (Doc. 11) be **GRANTED**.

**SIGNED** April 22, 2013.

*[signature]*
**RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
**RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE**